UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STEVEN KLESTINEZ,

                              Plaintiff,

    v.                                                   6:21-CV-696 (GLS/ATB)

ACT TEAM, et al.,

                              Defendants.

---

STEVEN KLESTINEZ, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint brought pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis ("IFP").[1] (Dkt. Nos. 1, 3-5).

## I.    In Forma Pauperis ("IFP") Application

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. Nos. 3-5). According to plaintiff's application, he is incarcerated and unemployed. (Dkt. No. 4 at 1). Plaintiff affirms that in the twelve months prior to filing, he received money from "rent payments, interest or dividends," as well as

---

[1] This action was filed on June 14, 2021, but was administratively closed because named plaintiffs Steven Klestinez and Stephanie Klestinez failed to comply with the filing fee requirement. (Dkt. Nos. 1, 2). On June 28, 2021, Steven Klestinez filed the information requested by the court. (Dkt. Nos. 3-5). Thus, the action was reopened and placed on the active docket as to Steven Klestinez. (Dkt. No. 6). However, to date plaintiff Stephanie Klestinez has failed to pay the filing fee or complete an application to proceed IFP. By virtue of Senior District Court Judge Gary L. Sharpe's July 26, 2021 text order, this matter remains administratively closed with respect to Stephanie Klestinez for failure to comply with the filing fee requirement. (Dkt. No. 7). Accordingly, the clerk of the court is directed to terminate Stephanie Klestinez's status as plaintiff, and the court will proceed to determine plaintiff Steven Klestinez's financial status for purposes of IFP and conduct its initial review. For purposes of this order and report-recommendation, the term "plaintiff" refers only to Steven Klestinez.

"disability or workers compensation payments." (*Id.* at 2). Although he has not provided a description of the specific source or amount of this income,[2] plaintiff apparently receives, or received, a total monthly income of $740.00 from these sources. (Dkt. No. 3 at 1). He has no cash, checking or savings account. (*Id.* at 2). The court finds for purposes of this recommendation, plaintiff meets the financial criteria for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward pro se litigants, and must use extreme caution in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to

---

[2] If receiving income from any of the listed sources in section (3) of the application, an IFP applicant is instructed to "describe . . . each source of money and state the amount that [he] received and what [he] expect[s] to receive in the future."

2

determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint sua sponte even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

Plaintiff's complaint is largely incomprehensible, and at times illegible. Construing the pleading with the utmost liberality,[3] it appears that in October 2020, plaintiff called the defendant ACT Team[4] on a "crisis phone" for help, however the ACT Team did not immediately respond. (Compl. at 3). Plaintiff states that the ACT Team "arrived" two days later, and arrested plaintiff "on empty threats due to the negligence in the heat of crisis." (*Id.*). Plaintiff appears to allege that the ACT Team

---

[3] *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein).

[4] ACT appears to be an acronym for "Assertive Community Treatment," an "evidenced based practice" operating under the umbrella of OMH "that offers treatment, rehabilitation, and support services, using a person-centered, recovery based approach, to individuals that have been diagnosed with serious mental illness." *See* https://omh.ny.gov/omhweb/act/.

withheld medication and treatment from plaintiff's wife, leaving her with "no money [sic] no food [sic] no home health aid [and] left to die in a condemned house." (*Id.* at 5). Plaintiff states that he was "screaming out" for help, and this led to the "captur[e] and killing" of plaintiff's cats and the wrongful arrest of plaintiff. (*Id.*). Plaintiff states that "they" "continued to strip the wife out of the home [sic] stick her in a drug filled house that doesn't serve food." (*Id.*). He states that his wife was "left to starve to death all to teach plaintif[f] a le[ss]on to watch his mouth." (*Id.*).

The complaint asserts various causes of action, including medical negligence and malpractice, "lost wages," wrongful incarceration, food deprivation, and defamation of character. Plaintiff describes this matter as concerning "violations of 286 Th Amendments." (*Id.* at 2). As relief, plaintiff requests that the ACT Team be "replaced with all new workers." (*Id.* at 4). He also requests approximately one million dollars to pay for private aides, treatment teams, and medication. (*Id.*).

### III.   Defendants OMH and ACT Team

#### A.   Legal Standards

##### 1.   Eleventh Amendment Immunity

The Eleventh Amendment provides that states have immunity against suits in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). An action against state officers in their official capacities, or an action against an agency of the state, is tantamount to an action against the state. *Yorktown Medical Laboratory v. Perales*, 948 F.2d 84, 87 (2d Cir. 1991) (official capacity actions); *Santiago v. New York State Dep't of Correctional Services*, 945 F.2d 25, 28 n.1 (2d Cir.

4

1991) (agencies of the state).

### 2. § 1983 Cause of Action

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a *person* acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (emphasis added) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "It is well-settled that a state agency is not a 'person' within the meaning of section 1983." *Stewart v. John Dempsey Hosp.*, No. 3:03-CV-1703, 2004 WL 78145, at *2 (D. Conn. Jan. 9, 2004) (listing cases). Nor is a medical entity a "person" under section 1983. *See Kerr v. Cook,* No. 3:21-CV-93, 2021 WL 765023, at *4 (D. Conn. Feb. 26, 2021).

### B. Application

In this case, plaintiff has named as defendants the New York State Office of Mental Health ("OMH"), a state agency, and the ACT Team, a medical service provider under OMH. It is clear that the Eleventh Amendment prevents plaintiff from suing either OMH or the ACT Team as entities in federal court. *See Limwongse v. New York State Office of Mental Health*, 249 F. App'x 862, 862-63 (2d Cir. 2007) ("we agree with the district court that, because [OMH] and [the psychiatric center] are state agencies, they are protected by Eleventh Amendment immunity"); *Komlosi v. New York State Office of Mental Retardation & Dev. Disabilities*, 64 F.3d 810, 815 (2d Cir. 1995) (Office of Mental Retardation and Developmental Disabilities was state agency

considered to be an "arm of New York State" for Eleventh Amendment immunity purposes); *Henny v. New York State Office of Mental Health*, 842 F. Supp. 2d 530, 544 (S.D.N.Y. 2012) ("[i]t is undisputed that . . . [the psychiatric center] and [OMH] are agents and instrumentalities of New York State").

Moreover, neither OMH nor the ACT Team may be sued under the terms of § 1983. The entities themselves fail to qualify as "persons" under the statute, *see Bhatia v. Connecticut Dep't of Child. & Fams. (DCF)*, 317 F. App'x 51, 52 (2d Cir. 2009) ("The named defendant, as a state agency, is not susceptible to liability under section 1983 . . . because such an agency is not a 'person' within the meaning of that statute . . . .") (internal citations omitted), and, with the exception of the "Commissioner of Mental Health," plaintiff has failed to specifically identify the allegedly culpable individuals employed by either agency, *see Walker v. Bellnier*, No. 9:17-CV-1008 (GTS/CFH), 2017 WL 5135702, at *11 n.14 (N.D.N.Y. Nov. 3, 2017) ("The use of the term, 'medical department' as a name for alleged defendants, without naming specific staff members, is not adequate to state a claim against a 'person' as required in § 1983 actions.").

Accordingly, the complaint should be dismissed as against OMH and the ACT Team based on Eleventh Amendment immunity.

## IV. **Defendant Commissioner of Mental Health**

### A. **Legal Standards**

#### 1. **Rule 8**

The Federal Rules of Civil Procedure require that a complaint contain "'a short

and plain statement of claim showing that the pleader is entitled to relief,' and that each averment be 'concise and direct.'" *Whitfield v. Johnson*, No. 18-CV-1232, 2018 WL 1385890, at *2 (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quoting Fed. R. Civ. P. 8(a)(2), 8(d)(1)). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, No. 95 Civ. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). A complaint that fails to comply with Rule 8 "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2 (internal quotation marks omitted).

### 2. Personal Involvement

It has long been established that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983[,]" and supervisory officials may not be held liable merely because they held a position of authority. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted); *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). In *Colon v. Coughlin*, 58 F.3d 865 (2d Cir. 1995), the Second Circuit articulated standards for courts to use when

7

determining personal involvement or supervisory liability.[5]

However after the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the factors articulated in *Colon* were called into question. Recently, pursuant to *Iqbal*, and in the context of the appeal of a qualified immunity issue, the Second Circuit has specifically revised its standard for determining personal involvement or supervisory liability, finding that the *Colon* factors are no longer controlling and articulating the proper standard for the courts in this circuit to utilize. *Tangreti v. Bachmann*, 983 F.3d 609, 614-19 (2d Cir. 2020).

Joining other circuits, the Second Circuit held that, after *Iqbal*, there is no "special" rule for supervisory liability. *Id.* at 618.

> Instead, a plaintiff must plead and prove "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 . . . . "The factors necessary to establish a [§ 1983] violation will vary with the constitutional provision at issue" because the elements of different constitutional violations vary. *Id*. The violation must be established against the supervisory official directly.

---

[5] These factors were:
(1) the defendant participated directly in the alleged constitutional violation;
(2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong;
(3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom;
(4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or
(5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.

*Id.* (quoting *Iqbal*, 556 U.S. at 676). The supervisor must have committed the violation him or herself, not by the supervision of others who committed the violation. *Id.* Likewise, the supervisor must personally display the requisite state of mind, depending on the violation at issue. *Id.*

### B. Application

Plaintiff has also named the "Commissioner of Mental Heath," presumably the Commissioner of OMH (the "Commissioner"), as a defendant in this action. In October 2020, it appears this position was, and remains, held by Anne Marie T. Sullivan, M.D. ("Dr. Sullivan").[6]

Even under the most liberal reading of plaintiff's complaint, the court cannot discern any legally cognizable harm that plaintiff alleges to have suffered as a result of the Commissioner's conduct in October 2020. Plaintiff does not reference the Commissioner anywhere in the substance of his complaint. There is nothing in the pleading indicating that the Commissioner was personally involved in any conduct described by the plaintiff, nor is it likely that she would be personally involved in his individual case. It is well settled that an "individual cannot be held liable for damages under Section 1983 merely because he [or she] held a high position of authority[.]" *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (internal quotations and citation omitted). Because a § 1983 claim that does not allege the personal involvement of a defendant fails as a matter of law, plaintiff's claims as against the Commissioner should be dismissed for failure to state a claim. *See Johnson*

---

[6] *See* https://omh.ny.gov/omhweb/orgchart/commissioner.html

*v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010).

Personal involvement issues aside, the complaint also fails to comply with the mandates of Rule 8. Specifically, plaintiff has failed to meet the minimum standard of coherently pleading the factual bases for his federal claims. *See Whitfield v. Johnson*, 763 F. App'x 106, 107 (2d Cir. 2019) (Dismissal is appropriate where the complaint is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). To the extent plaintiff alleges that he was subject to false arrest/imprisonment and unconstitutional conditions of confinement, he has not provided any facts that adequately describe to the court when and how plaintiff was deprived of these rights, much less how the Commissioner was personally involved. The complaint suggests that many, if not most, of the alleged violations were suffered by plaintiff's non-party wife. It appears that plaintiff was arrested and taken into custody, however the complaint does not describe how the arrest violated plaintiff's constitutional rights, or who specifically violated them in the course of the arrest. The court is otherwise perplexed by what plaintiff refers to when he reference a violation of his "286"th Amendments,[7] and will not speculate as to the intentions behind plaintiff's rambling assertions.

Based on the foregoing, the § 1983 complaint as against the Commissioner should be dismissed. *See Yohalem v. Brunswick Hall Corp.*, No. 12-CV-3706, 2013

---

[7] The court's best guess is that plaintiff is referring to violations of his rights under the Second, Sixth, and Eighth Amendments. Nevertheless, plaintiff has failed to even remotely articulate how *his* rights under these Amendments were violated, and specifically by whom.

WL 2237577, at *3 (E.D.N.Y. May 17, 2013) (dismissing plaintiff's complaint for failure to comply with Rule 8 where individual defendants were not named in the body of the complaint, and plaintiff's vague references to ambush, seizure, and kidnapping failed to put the defendants on notice of any constitutional claims against them).

## V. State Law Claims

### A. Legal Standard

Federal courts exercise limited jurisdiction pursuant to Article III of the Constitution. A court may exert subject matter jurisdiction over claims in which: (1) there is a federal question in that a colorable claim arises under the Constitution, laws or treaties of the United States, and/or if (2) there is complete diversity of citizenship between each plaintiff and all defendants and a minimum of $75,000 in controversy. 28 U.S.C. §§ 1331, 1332. In the absence of a basis for exercising jurisdiction, the case must be dismissed. See Fed. R. Civ. P. 12(h)(3).

### B. Application

Plaintiff's complaint references various state law causes of action, including medical malpractice, negligence, and defamation of character. (Compl. at 2-6). At the outset, it is clear that the state law claims alleged by plaintiff suffer from the same pleading deficiencies as the alleged constitutional violations under § 1983. Furthermore, plaintiff has failed to invoke diversity jurisdiction as required for this court to adjudicate his state law claims.[8] In his complaint, plaintiff states that he

---

[8] Considering my recommendation that the district court dismiss all of plaintiff's federal causes of action, the court need not consider at this juncture whether supplemental jurisdiction would apply to plaintiff's state law claims.

11

currently resides in Oriskany, New York. (*Id.* at 2). He also indicates that each of the named defendants are operating out of Utica, New York. (*Id.*). Plaintiff makes no further allegations regarding citizenship. Because the plaintiff and all named defendants appear to be citizens of New York State, diversity jurisdiction is lacking and plaintiff's state law causes of action should be dismissed for lack of subject matter jurisdiction. *See Herrick Co., Inc. v. SCS Commc'n, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (The party seeking to invoke the court's jurisdiction bears the burden of "demonstrating that the grounds for diversity exist and that diversity is complete.") (citations omitted).

## VI. Opportunity to Amend

### A. Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

### B. Application

The court recommends dismissing the complaint as against OMH and the ACT Team, but without leave to amend. There is no amendment that plaintiff can propose in this action which would allow him to sue these entities under § 1983 in federal court. Thus, plaintiff should not be permitted leave to amend his complaint as against these defendants. However, the complaint as against OMH and the ACT Team should be dismissed without prejudice to filing in a more appropriate venue, such as state court.

The complaint as alleged against the Commissioner of OMH under § 1983 must also be dismissed, for failure to state a claim. Although the court is skeptical that plaintiff can amend to articulate how the Commissioner personally violated his constitutional rights, at this juncture the court will recommend dismissal without prejudice to plaintiff submitting a proposed amended complaint which corrects the deficiencies in the original pleading and complies with the dictates of Rule 8. *See Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [pro se] complaint gives any indication that a valid claim might be stated.") (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Should plaintiff file an amended complaint, he must satisfy the minimal filing requirements of Rule 8. Specifically, plaintiff may only assert claims for injuries he has personally suffered, and may not seek relief on behalf of his wife or any other individual. He may not rely on conclusory allegations of constitutional violations, and must provide brief, coherent statements giving notice of what the named defendant did or failed to do, and how those acts or omissions caused plaintiff injury.

To the extent plaintiff asserts any state law causes of action against the Commissioner, these should be dismissed for lack of subject matter jurisdiction. As such, any dismissal must be without prejudice. *Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018) ("[D]ismissal for subject matter jurisdiction must be without prejudice."). Considering the underlying facts, it does not appear that any amendment would allow this court to exercise diversity jurisdiction over plaintiff's state law claims.

However, should the plaintiff successfully amend his complaint to allege a federal cause of action, it is conceivable that supplemental jurisdiction over plaintiff's state law claims may be appropriate. Thus, plaintiff should be permitted to amend the state law causes of action in his complaint, only to the extent they relate to the allegations surrounding his § 1983 claim. Should plaintiff file an amended complaint that includes his state law claims, he must correct the pleading deficiencies as previously noted by this court.

**WHEREFORE**, based on the findings above it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. Nos. 3-5) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE, but WITHOUT LEAVE TO AMEND,** as against defendants **OMH** and **THE ACT TEAM**, and it is

**RECOMMENDED,** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND,** as against **THE COMMISSIONER OF MENTAL HEALTH**, and it is

**RECOMMENDED**, that if plaintiff does file a proposed amended complaint, plaintiff should be warned that any amended complaint must be a *complete and separate pleading*. Plaintiff must state all of his claims in the new pleading and may *not* incorporate by reference, any part of his original complaint, and it is

**RECOMMENDED**, that if the District Court adopts this Order and Report-Recommendation, and plaintiff files a proposed amended complaint, such proposed

amended complaint be returned to me for initial review.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: August 19, 2021

*Andrew T. Baxter*
Andrew T. Baxter
U.S. Magistrate Judge