UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

STEVEN KLESTINEZ,

                        Plaintiff,

    v.                                                            6:21-CV-696
                                                                     (GLS/ATB)

ACT TEAM, et al.,

                        Defendants.

STEVEN KLESTINEZ, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## REPORT-RECOMMENDATION

On August 19, 2021, I issued an order and report-recommendation after an initial review of the plaintiff's civil complaint pursuant to 28 U.S.C. § 1915. (Dkt. No. 8). In that order, I granted plaintiff's motion to proceed in forma pauperis ("IFP"), but recommended dismissal of the complaint, without prejudice to plaintiff filing an amended complaint with respect to certain claims. (*Id.* at 12–13). Specifically, I recommended that plaintiff's claims against the Office of Mental Health ("OMH") and the ACT Team be dismissed without leave to amend, but plaintiff was otherwise permitted leave to amend his complaint as against the Commissioner of OMH, and any other individual defendants against whom he could plausibly state a claim in relation to the underlying events. (*Id.*). On September 8, 2021, the Honorable Gary L. Sharpe adopted my order and report-recommendation, directing that any amended complaint filed by plaintiff be referred to me for initial review. (Dkt. No. 9). Plaintiff filed an amended complaint on September 13, 2021, which is presently before this court for initial review. (Amended Complaint ("AC")) (Dkt. No. 10).

**I.    IFP Application**

In my initial order, I reviewed plaintiff's IFP application, stating that he is unable to pay the filing fee. (Dkt. No. 8 at 1–3). After reviewing his application, I found that plaintiff is financially eligible for IFP status. (*Id.*)

However, I also noted that, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case ***at any time*** if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i) -(iii) (emphasis added).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when

plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

## II.  Amended Complaint

As with the original complaint, the court struggles to comprehend the majority of plaintiff's amended complaint.  Plaintiff has named the following defendants: ACT Team, Ally, Marina, Lisa, Dr. Amy Lucas and OMH Commissioner Ann Sullivan.  (AC at 1).  Plaintiff states that "they" "left him incarcerated . . . and left [his] wife to die in a hotel."  (*Id.*).  He states that "they" "conspired" to destroy his marriage, and apparently caused his wife to "hurt [them] from illness."  (*Id.*).  Plaintiff claims that "they" misconstrued his and his wife's "911 calls and medical charts[,] stole [their] money and forced [plaintiff's] wife to a new city[.]" (*Id.*).  This caused plaintiff to lose his cats to euthanasia and forced his wife to move into a halfway house.  (*Id.* at 1–2).

Plaintiff states that the defendants encouraged his wife to cheat on him and commit adultery.  (*Id.* at 2).  Now that plaintiff is "wrongfully incarcerated," the "stress on [his] brain causes [him] to pass out or [syncope]."  (*Id.*).  Plaintiff claims that he suffers from stress " knowing [his] home wife and loved ones are hurting [sic] struggling to survive all because [they] denied [him] help in the time of crisis [sic] left

3

us to die[.]" (*Id.*). He alleges that the defendants hurt him because they "didn't approve of [his] marriage and they came once a month to hurt [him] . . . [and] teach [him] a lesson. (*Id.*).

Plaintiff seeks a million dollars in damages for home care aides, medication, and private doctors. (*Id.*). He seeks another million dollars in damages for his mental suffering and emotional damages. (*Id.* at 2–3).

## DISCUSSION

### III. ACT Team

Plaintiff's claims against the ACT Team were dismissed, without leave to amend, pursuant to Judge Sharpe's September 8, 2021 order dismissing plaintiff's original complaint. (Dkt. No. 9). Thus, to the extent plaintiff seeks to assert the same claims against the ACT Team in his amended complaint, these claims are dismissed for the reasons set forth in my August 19, 2021 order and report-recommendation. (Dkt. No. 8 at 4–6).

### IV. Remaining Defendants

#### A. § 1983

Along with Commissioner Sullivan, plaintiff has named several individual members of the ACT Team as defendants, perhaps in an attempt to remedy the deficiencies identified in his original complaint. Nevertheless, even under the most liberal reading, plaintiff's amended complaint still lacks sufficient factual, nonconclusory allegations to state a claim for relief that is plausible on its face. Specifically, plaintiff fails to identify what allegedly culpable conduct is attributable to

each individual defendant, and how that conduct deprived plaintiff of his constitutional rights.  Instead, plaintiff submits a rambling stream of consciousness, much like in his original complaint, and it is impossible to discern a timeline of events giving rise to plaintiff's claims.  Plaintiff merely alleges in conclusory fashion that the defendants worked in "cahoots" to cause him harm, without attributing specific acts or conduct to any one individual, much less the defendants en masse.  Accordingly, plaintiff's claims asserted pursuant to § 1983 fail to state a claim upon which relief can be granted.

### B. Fair Housing Act

Plaintiff also appears to assert a violation of his rights under the Fair Housing Act ("FHA"), 42 U.S.C. § 3613.[1]  (AC at 1). The FHA "broadly prohibits discrimination in housing[.]" *Melton v. Malcolm Shabazz, L.P.*, No. 1:18-CV-08111, 2021 WL 535661, at *3 (S.D.N.Y. Feb. 12, 2021) (quoting *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979)) (alteration in original).  Section 3604(f) makes it unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of . . . that buyer or renter," or "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of . . . that person." 42 U.S.C. § 3604(f)(1)(2).  Section 3617 makes it "unlawful to coerce, intimidate, threaten, or interfere with

---

[1]Plaintiff does not cite a specific section of the act, but the court interprets a pro se complaint liberally, and the section of the FHA which provides for "private enforcement" is section 3613.  Thus, the court will assume that plaintiff brings this action under the appropriate section. *See Gause v. Claude*, No. 20-CV-4148, 2021 WL 25356, at *2 (E.D.N.Y. January 4, 2021) (A pro se complaint is interpreted as raising the strongest arguments it suggests) (citing inter alia *United States v. Akinrosotu*, 637 F.3d 165, 167 (2d Cir. 2011)).

any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed" any right protected by the FHA. 42 U.S.C. § 3617.[2]

From what the court can interpret from the amended complaint, plaintiff is alleging that he was discriminated against based on a mental handicap, presumably his own.[3] Plaintiff, however, has not provided adequate factual allegations in support of his claim that he (or his wife) is handicapped within the meaning of the FHA, specifically that (1) he or his wife has a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) has a record of having such an impairment, or (3) is regarded as having such an impairment. 42 U.S.C. § 3602(h); *see also Elmowitz v. Executive Towers at Lido, LLC*, 571 F. Supp. 2d 370, 375 (E.D.N.Y. 2008).

Moreover, even assuming that plaintiff had sufficiently identified himself or his wife as handicapped within the meaning of the FHA, he has not alleged facts suggesting how any named defendant discriminated against him on the basis of that handicap or disability. In conjunction with his FHA claim, plaintiff merely asserts that "they" "left [him] incarcerated for my month and left my wife to die in a hotel[.]" (Compl. at 1). Plaintiff does not allege the defendants' relationship, if any, to his housing placement, nor does he describe what discriminatory actions were taken by the

---

[2]The implementing regulations interpret section 3617 to cover "[t]hreatening, intimidating or interfering with persons in their enjoyment of a dwelling because of the race, color, religion, sex, *handicap*, familial status, or national origin of such persons, or of visitors or associates of such persons." 24 C.F.R. § 100.400(c)(2) (emphasis added).

[3]In truth, it is unclear whether plaintiff is claiming discrimination based on a mental impairment suffered by his wife, or him personally.

defendants in relation to his housing. Accordingly, plaintiff has not alleged facts supporting the required elements of a discrimination claim under the FHA, and dismissal is appropriate.

### C. State Law Claims

Plaintiff's amended complaint references various state law causes of action, including medical malpractice and negligence. (Compl. at 1–3). These claims suffer from the same pleading deficiencies as those alleged under § 1983 and the FHA. Moreover, in the absence of any cognizable federal claims, plaintiff has failed to invoke diversity jurisdiction as required for this court to adjudicate his state law claims. The parties all appear to be citizens of New York State, and plaintiff's invocation of diversity jurisdiction "due to conflicts of interest in state or supreme court" is not a sufficient basis for this court to hear his state law claims.[4]

## V. Opportunity to Amend

### A. Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

### B. Application

This court has already afforded plaintiff the opportunity to amend, and he has

---

[4]Considering my recommendation that the district court dismiss all of plaintiff's federal causes of action, the court need not consider at this juncture whether supplemental jurisdiction would apply to plaintiff's state law claims.

been unable to plausibly associate the defendants' alleged actions to any statutorily or constitutionally prohibited conduct. Thus, the court will recommend dismissing plaintiff's amended complaint without the further opportunity to amend.

**WHEREFORE**, based on the findings above it is

**RECOMMENDED**, that plaintiff's amended complaint (Dkt. No. 10) be **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), and it is

**RECOMMENDED**, that the dismissal of plaintiff's § 1983 and FHA claims be **WITH PREJUDICE**, and it is

**RECOMMENDED**, that the dismissal of plaintiff's state law claims be **WITHOUT PREJUDICE,**[5] but **WITHOUT LEAVE TO AMEND**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 16, 2021

_____
Andrew T. Baxter
U.S. Magistrate Judge

---

[5]To the extent plaintiff asserts any state law causes of action, these should be dismissed for lack of subject matter jurisdiction. As such, any dismissal must be without prejudice. *Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018) ("[D]ismissal for subject matter jurisdiction must be without prejudice.").